IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christopher Lee Johnson, ) | Case No.: 6: 21-cv-01131-JD-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Department of Justice, Treasury ) | |
| Department, US Department of State, US ) | |
| Federal Reserve, Financials Goldman Sachs, ) | |
| JP Morgan Chase, Morgan Stanley, Loyd ) | |
| Blankfien, Jamie Diamon, James Gormer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] According to the Compliant, Christopher Lee Johnson ("Johnson" or "Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this case against the Department of Justice, Treasury Department, the US Department of State, US Federal Reserve, Financials Goldman Sachs, JP Morgan Chase, Morgan Stanley, Loyd Blankfien, Jamie Diamon, James Gormer (collectively "Defendants") alleging numerous unconnected claims that are nonsensical and unintelligible as they range from allegations of a monopoly to manipulate the United States economy to allegations involving various political scandals. (DE 1 and 10.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the Magistrate conducted an initial review of the Complaint.  The Report recommends summary dismissal of the Complaint as frivolous under 28 U.S.C § 1915(e)(2)(B)(i) and for failure to state a claim under which relief may be granted pursuant to 28 U.S.C § 1915(e)(2)(B)(ii).  (DE 10, p. 10.)  Specifically, the Report found that the bare allegations clearly meet the definition of frivolity under § 1915, Plaintiff failed to make any specific allegations against any of the named Defendants to support a cause of action, and Plaintiff's claims were duplicative of earlier cases filed by Plaintiff.  (DE 10, pp. 7-10.)

Although Plaintiff has filed objections to the Report (DE 16), to be actionable, objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'"  Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)).  "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object."  Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003).  "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an "objection" for the purposes of district court review."  Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff's objections are nonspecific because they do not address the factual or legal conclusions that are at the heart of the Report. Accordingly, after a thorough review of the record in this case, the Court adopts the Report and Recommendation and dismiss this action pursuant to § 1915(e)(2)(B)1 without issuance and service of process.

It is, therefore, **ORDERED** that Plaintiff's Complaint (DE 1) is dismissed without issuance and service of process.

**AND IT IS SO ORDERED.**

                                                                                         _____
                                                                                         Joseph Dawson, III
                                                                                         United States District Judge

Greenville, South Carolina
January 11, 2022

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that they have the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.